Roseina McAllister
vs.     No. 86046.
Benjamin E. Chase

February 8, 1933.

CAPOTOSTO, J. In a collision between two automobiles at the intersection of Chapel and Walker streets, Saylesville, in the late afternoon of February 4, 1931, the plaintiff claims to have suffered, among other complaints, a rather serious injury to her left arm. A lady was controlling the movement of each car. The jury returned a verdict for the defendant. The plaintiff in her motion for a new trial claims that the verdict is against the weight of the evidence.

The case is honeycombed with estimates of distances, locations of fixed objects, speed, and other human observations which come to mind either at the moment or upon calm reflection. The site of the accident is peculiar and can be visualized much better through the plat which is an exhibit in the case than through description. It is sufficient for our present purpose to say that Chapel street enters Walker street on the left of an outbound vehicle, that it does not cross Walker street, and that at its junction it forms a wide delta.

The plaintiff was inbound on Walker street; the defendant was proceeding in the opposite direction and intended to turn left into Chapel street. The plaintiff's contention is that the defendant, without warning, turned suddenly in front of her to the left of the intersection of the two streets, when she, the plaintiff, had started to cross the intersection, and so close to the front of her automobile that in spite of all she could do by turning sharply to her left, the right rear of her car collided with the right rear of the defendant's car. The defendant, on the other hand, claimed that she started to turn into Chapel street when the plaintiff's car was a considerable distance away from the intersection; that she was in second speed, to the right of the car tracks which curve from Walker street into Chapel street at that point, and not moving more than 15 miles an hour, when she noticed the plaintiff's car some 30 to 50 feet away coming toward her very fast, and that she tried to get out of its way by attempting to increase her speed and bearing to the left, but was unsuccessful in avoiding a collision with the right rear of her automobile.

The case turns upon a question of credibility. There were discrepancies and contradictions of a serious nature. The testimony of three boys who testified for the defendant probably did serious damage to the plaintiff's case. The substance of the testimony of two of them was to the effect that they

were in the center of the delta of Chapel street when their attention was attracted by the speed of the defendant's car which was coming towards them; that they stopped and watched it; that the car entered the intersection without diminishing its speed, and that when it was about opposite them, they heard the squeaking of the brakes and saw the car skid with its right rear into the intersection with Chapel street. This evidence, together with certain other testimony contradicting the plaintiff as to road conditions at the time of the accident, must have seriously affected the jury in its consideration of her version of the occurrence, and particularly so with reference to the degree of care which she exercised at the time for her own safety.

Inasmuch as the Court finds no reason to question the testimony of the boys, especially as it paid special attention not only to what they said but also to their demeanor while testifying, it cannot and will not say that their testimony should be disregarded. If their evidence is taken as substantially true, and there is no reason to consider it otherwise, then the plaintiff's case falls into the realm of doubt and uncertainty. Under these circumstances, the jury was justified in returning the verdict which it did.

Motion for new trial denied.

For plaintiff: John J. Richards, R. P. Beagan.

For defendant: William A. Gunning, Roscoe M. Dexter.